United States District Court
Southern District of Texas
**ENTERED**
March 04, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| M/S NAJAAT WELFARE FOUNDATION, § <br> THROUGH ITS PATNAR IN CHIEF § <br> ASRAR AHMAD CHISHTI, CHAIRMAN § <br> MRS. UZMA MAQBOOL, DR. TANVEER § <br> HUSSAIN, INT. COORDINATOR, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> NARENDRA MODI and GOVERNMENT § <br> OF INDIA, § <br> § <br> Defendants. § | CIVIL ACTION NO. H-19-4484 |

## MEMORANDUM, RECOMMENDATION AND ORDER

In this suit, several individuals purporting to represent a foundation sue the Government of India and its Prime Minister for violations of human rights in Indian-Administered Kashmir.

Pending before the court are several motions: Plaintiffs' Motion to Continue (Doc. 4), a letter to the court from Plaintiffs seeking additional time to come to the United States (Doc. 6), and Plaintiffs' Motion to Postpone Initial Conference (Doc. 7). In each of the motions, Plaintiffs seek a continuance of the initial pretrial conference as well as a court order requiring the U.S. Embassy to issue them visas so they may prosecute this action.

Plaintiffs face several obstacles to pursing this lawsuit. First, the individual Plaintiffs may not represent the Najaat Welfare Foundation; only a licensed attorney may represent a legal entity. See Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998)(collecting cases). Second, Plaintiffs have not cited the

court to authority that would allow it to order a U.S. Embassy to issue a visa in connection with a court appearance. The motions (Docs. 4, 6, 7) are **DENIED**.

More importantly, the court questions its subject matter jurisdiction over this suit. Pursuant to the federal rules, dismissal of an action is appropriate at any time that the court determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), 12(h)(3). The party asserting subject matter jurisdiction bears the burden of proof that jurisdiction does exist. Morris v. Thompson, 852 F.3d 416, 419 (5th Cir. 2017)(citing Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001)).

The Foreign Sovereign Immunities Act ("FSIA") provides that a "foreign state shall be immune from the jurisdiction" of both federal and state courts except as provided by 28 U.S.C. §§ 1605-07. See 28 U.S.C. § 1604. The FSIA, if it applies, is the "sole basis for obtaining jurisdiction over a foreign state in federal court." See Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 439 (1989). Under the FSIA, a foreign state is immune unless a specific exception applies. See Permanent Mission of India v. City of New York, 551 U.S. 193, 197 (2007).

Plaintiffs allege that the Government of India has passed laws that violate human rights, detained protesters and killed civilians in Kashmir. Plaintiffs ask that the United Nations stop the Government of India from "spoiling lives of inucent people in

Kashmir," [sic], that Amnesty International "break out the illigel accupation," [sic] and that the International Court for Justice take action against the Government of India to stop the killing of civilians.[1]

As the court reads Plaintiffs' complaint, there is no applicable exception to immunity under the Section 1605 of FSIA because the suit: (1) is not based on the actions of an Indian agency that was engaged in a commercial activity; (2) does not involve the enforcement a maritime lien; (3) does not involve a property interest located in the United States; (4) and fails to allege a tort occurring in the United States.  See 28 U.S.C. §§ 1605(a)(b).  Without an allegation triggering the application of an exception to the FSIA, the Government of India is presumed immune from suit.

The court **RECOMMENDS** that this action be **DISMISSED** for want of subject matter jurisdiction.  If Plaintiffs obtain legal representation **and** file a timely objection to this Recommendation with citation to legal authority setting forth a recognized exception to the FSIA, the court will reconsider this recommendation.  Under no circumstance will the court permit the foundation to represent itself or be represented by non-licensed attorneys.

The Clerk shall send copies of this Memorandum and

---

[1] See Doc. 1, Pls.' Compl. p. 17.

Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 4th day of March, 2020.

Nancy K. Johnson
United States Magistrate Judge